THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

**FILED**
FEB 26 1999
Phil Lombardi, Clerk
U.S. DISTRICT COURT

BARBARA STARR SCOTT, and )
WOODROW WILSON, )
)
Plaintiffs, )    **99CV0161K (E)**
)
vs. )    Case No.
)
THE HOUSING AUTHORITY OF THE )    ATTORNEY LIEN CLAIMED
CHEROKEE NATION; JOEL )    JURY TRIAL DEMANDED
THOMPSON; MARK McCULLOUGH; )
BOB POWELL; individuals; and )
JOHN DOE(S), Defendants not yet )
known, )
)
Defendants. )

## COMPLAINT

This is a lawsuit seeking recovery of civil damages as authorized by 18 U.S.C. § 2520 for the unlawful interception, disclosure and use of wire, oral, and/or electronic communications in violation of 18 U.S.C. § 2510 *et. seq.* For their cause of action against Defendants, Plaintiffs Barbara Starr Scott and Woodrow Wilson allege and state as follows:

### PARTIES

1. Plaintiff Barbara Starr Scott (hereinafter "Scott") is an individual who at all times material hereto, was a resident of the City of Jay, Delaware County, Oklahoma.

2. Plaintiff Woodrow Wilson (hereinafter "Wilson") is an individual who at all times material hereto, was a resident of the City of Jay, Delaware County, Oklahoma.

3. The Housing Authority of the Cherokee Nation (hereinafter "Housing Authority") is an Indian housing authority duly organized under the laws of the State of Oklahoma with its principal

place of business in Tahlequah, Oklahoma. The Housing Authority also maintains offices and conducts business within Delaware County and other counties within the Northern District.

4. Defendant Joel Thompson (hereinafter "Thompson"), was at all times material hereto employed by the Housing Authority. Defendant Thompson is a resident of the City of Tahlequah, Cherokee County, Oklahoma.

5. Defendant Mark McCollough (hereinafter "McCollough") is an individual residing in the City of Pryor, Mayes County, Oklahoma.

6. Defendant Bob Powell (hereinafter "Powell") is an individual who at all times material hereto was a resident of the City of Tahlequah, Cherokee County, Oklahoma. It is believed that Defendant Powell was at all times material hereto employed by the Cherokee Nation as Inspector General.

7. It is the Plaintiffs belief and/or anticipation that there are other potential unidentified Defendants which were involved in the acts and omissions complained of herein who are identified as John Doe(s) at this time.

## JURISDICTION

8. Plaintiffs incorporate paragraphs one through seven herein as if set forth verbatim.

9. This lawsuit involves a question of federal law, specifically violations of 18 U.S.C. § 2510 *et. seq.* and damages therefore as authorized by 18 U.S.C. § 2520 and jurisdiction is properly before this Court pursuant to 28 U.S.C. § 1331.

10. Plaintiffs assert that venue is appropriate in the Northern District of Oklahoma pursuant to 28 U.S.C. § 1391, given the fact that both Plaintiffs reside in the Northern District, two of the individual Defendants reside in the Northern District and the Housing Authority conducts

business in the Northern District. Furthermore, upon information and belief, the acts and omissions complained of herein occurred in substantial part within the Northern District.

## CAUSE OF ACTION

11. Plaintiffs incorporate herein by reference paragraphs one through ten as if set forth verbatim.

12. At various times from approximately May 15, 1996 up and until a time not yet determined, the Defendants did knowingly and intentionally violate the rights of the Plaintiffs by unlawfully monitoring them by electronic or other means, and by disclosing information obtained by and through such illegal activity. Defendants did knowingly and illegally monitor correspondence and/or communication by and between the Plaintiffs and other persons, both known and unknown, in violation of 18 U.S.C. § 2510 *et. seq.*

13. As a direct and proximate result of the Defendants' actions as described in paragraph twelve above, the Plaintiffs have suffered actual damages in an amount yet to be determined, but estimated to be in excess of $100,000.00. Plaintiffs seek recovery of such damages as authorized by 18 U.S.C. § 2520.

14. The actions of the Defendants as complained of herein were performed knowingly and intentionally and in reckless disregard of the rights of the Plaintiffs. As such, Plaintiffs also seek an additional amount as punitive damages in addition to their actual damages to deter similar conduct in the future and to act as a safeguard for the public good. Given the Defendants outrageous conduct, Plaintiffs allege that such punitive damages should be in excess of the sum of $1,000,000.00.

15. As authorized by 18 U.S.C. § 2520(2)(c), Plaintiffs also seek to recover their attorneys' fees and all other litigation costs reasonably incurred in the prosecution of their claims.

3

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order awarding them judgment for: (1) actual damages in excess of the jurisdictional minimum and which are presently estimated to be in excess of $100,000.00; (2) punitive damages in an amount in excess of $1,000,000.00 to deter similar conduct in the future and to act as a safeguard for the public good; and (3) all attorneys fees and other litigation costs incurred by the Plaintiffs in the prosecution of this lawsuit.

Respectfully submitted,

**RICHARDSON & WARD**

*[signature]*

Keith A. Ward, OBA# 9346
Richard A. Ford, OBA# 16498
6555 South Lewis Avenue, Suite 200
Tulsa, Oklahoma 74136
(918) 492-7674 Telephone
(918) 493-1925 Facsimile

**Attorneys for Plaintiffs**

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**